FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 1 2 2021

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JERMAINE LITTLE | : |
| PLAINTIFF | : |
| VS. | : CASE NO: |
| PORTFOLIO RECOVERY ASSOCIATES | : |
| DEFENDANT | : **1:21-CV-2772** |
| | : |

## COMPLAINT AT LAW AND IN EQUITY

AND NOW, comes the Plaintiff, Jermaine Little, by and through himself, *pro se*, to file the instant complaint and in support thereof avers as follows:

1. The Plaintiff initiates the instant litigation against the Defendant pursuant to federal laws on the regulation of debt collection practices as well as various relevant state laws pursuant to the supplementary jurisdiction of this Court for various improper debt collection practices engaged in by the Defendant entities resulting in direct and proximate damages to the Plaintiff.

2. The Plaintiff is seeking compensatory and / or punitive damages for each of the claims herein as prescribed by law as well as any and all other relief deemed necessary and applicable.

## JURISDICTION AND VENUE

3. This is a civil action authorized under 28 U.S.C. § 1331; the Truth in Lending Act's Fair Credit Billing Act; Regulation Z; Regulation V; Regulation P, 42 PaC.S.A. §7102;; 12 U.S.C. §§ 5531; 15 U.S.C. §§ 1692, 15 U.S.C. §§ 1681, 15 U.S.C. §§ 1693, 15 U.S.C. §§ 1601-1667 and Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 and §2202.

4. Venue is proper as the Plaintiff is a resident of this district and the Defendant maintains their principal headquarters office for administration of all business in Delaware, thereby satisfying diversity jurisdiction requirements. Defendant regularly transacts in this district.

**PARTIES**

5. PLAINTIFF - is Jermaine Little - resident in the instant district with an address of 2825 Cold Springs Trail SW Marietta GA 30064.

6. DEFENDANT - Portfolio Recovery Associates - headquartered in the state of Virginia with an address of 120 Corporate Blvd, Norfolk, Virginia 23502.

**STATEMENT OF FACT**

7. The Plaintiff has engaged with the Defendant in the instant matter in a series of transactions documented and evidenced herein as Exhibit A.

8. The Plaintiff avers that throughout the course of interaction with the Defendant in the instant matter, numerous violations of the FCRA and GLBA by this Defendant have taken place which has resulted in a continuous pattern and practice of violations.

9. The policies and procedures of the Defendant in the instant matter is defective in that it fails to ensure that their institution is compliant with the various provisions of the GLBA privacy policy and opt-out notice requirements.

10. The Defendant has failed to establish a system to provide each customer with clear, conspicuous, and accurate notice initially and annually as required by the Gramm Leach Bliley Act (GLBA).

11. The Defendant has also failed to develop and implement an information security program which has resulted in inadequate information security as well.

12. In further breach of their duties and obligations to individuals such as the Plaintiff, the Defendant has also failed to allow customers the opportunity to opt out of information sharing services, thereby further infringing on the rights of the Plaintiff in the instant matter.

13. Based on the foregoing, the Plaintiff alleges that the Defendant has engaged in numerous violations of rules and regulations by law in addition to the privacy rights of the Plaintiff, directly and proximately resulting in damages to the Plaintiff, thereby giving rise to instant complaint for damages at law.

14. The Plaintiff is seeking compensatory and punitive damages for the claims complained of herein as well as any other relief deemed necessary and applicable.

## COUNT I

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. § 1692

15. Paragraphs 1-14 are hereby referenced and incorporated herein as if though full stated herein at full length.

16. Plaintiff is a consumer as defined by the FDCPA - they are "a natural person obligated or allegedly obligated to pay a debt". In this case - the allegation is that the Plaintiff is / has been required to pay a debt - therefore, they are a consumer as defined by the FDCPA.

17. Defendant is a debt collector in this matter as defined by the FDCPA - they are "a person who uses instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. While the definition of debt excludes "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such a creditor," courts in this Circuit may impute liability to employees where there is a factual basis to do so. For Example, in Piper v. Portnoff Law Associates, the court found the partners of a law firm acting as a debt collector "signed debt collection letters, or authorized others to sign letters for them, and were involved in [the law firm's] day to day operations" collecting debt, rejecting the individuals' argument employees and

shareholders of the firm cannot be liable under the FDCPA.58. The court in Piper cited Police v. National Tax Funding, L.P., a decision from the Court of Appeals finding "a general partner exercising control over the affairs of such a partnership may be held liable under the FDCPA for the acts of the partnership.".

18. With these elements established, the remaining elements necessary to seek relief under the FDCPA are relatively straightforward to identify. The Defendant in this case has engaged in numerous attempts to collect a debt as defined by the FDCPA and engaged in numerous acts of conduct that have been consistent with the establishment and collection of debt as defined by the FDCPA, particularly with the element of

> "The use of false, deceptive, or misleading representations or means in connection
> with the collection of a debt'" - FDCPA Prohibited Conduct

19. The Fourth Element necessary to state a claim under the FDCPA is the engagement of prohibited conduct as expressed in the FDCPA which includes

> "The use of false, deceptive, or misleading representations or means in connection
> with the collection of a debt'" - FDCPA Prohibited Conduct

And their continued representation to consumer credit agencies and other organizations that the Plaintiff is indeed responsible for the debt referenced by the Defendant.

20.  Plaintiff is seeking any and all necessary and applicable compensatory and / or punitive damages in addition to any declaratory and / or injunctive relief that may be deemed fair and equitable in the instant matter.

## COUNT TWO

## VIOLATION OF FAIR CREDIT BILLING ACT, TRUTH IN LENDING ACT  - 15 U.S.C.

## § 1601-1667

21.  Paragraphs 1-20 are hereby referenced and incorporated herein as if though full stated herein at full length.

22. Plaintiff alleges Defendant violated the Fair Credit Billing Act, Truth in Lending Act and its implementing Regulation Z, and the Electronic Funds Transfer Act.

23. Plaintiff alleges Defendant violated sections 1601 through 1667 of TILA76 and Regulation Z, 12 C.F.R. § 1026. There are five parts to TILA, each with multiple sections, governing General Provisions, Credit Transactions, Credit Advertising and Limits on Credit Card Fees, Credit Billing, and Consumer Leases. Plaintiff avers the Defendant violated the provision pertaining to truthfulness in Credit Transactions.

24. Plaintiff is seeking any and all necessary and applicable compensatory and / or punitive damages in addition to any declaratory and / or injunctive relief that may be deemed fair and equitable in the instant matter.

## COUNT THREE
## FRAUDULENT MISREPRESENTATION

25. Paragraphs 1-24 are hereby referenced and incorporated herein as if though full stated herein at full length.

26. To state a claim for fraud under Georgia law, the Plaintiff alleging fraud must allege: "(1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages." *ReMax North Atlanta v. Clark*, 244 Ga. App. 890, 893 (2000).

27. Plaintiff avers the Defendant has engaged in the willful misrepresentation of the truth with regards to the instant matter, intentionally, for their benefit with regards to debt in the instant matter.

28. Defendant in this matter misrepresented the nature and validity of the transactions entered into between both parties - thereby causing the misappropriation of assets and resources in the instant matter and giving rise to the instant complaint.

29. Plaintiff is seeking any and all necessary and applicable compensatory and / or punitive damages in addition to any declaratory and / or injunctive relief that may be deemed fair and equitable in the instant matter.

### COUNT FOUR
### NEGLIGENT MISREPRESENTATION

30. Paragraphs 1-29 are hereby referenced and incorporated herein as if though full stated herein at full length.

31. Thus, Georgia courts conclude that to establish a claim of negligent misrepresentation, a party must allege three essential elements: (1) opposing party negligently supplied false information to foreseeable persons, known or unknown; (2) such persons' reliance on that information was reasonable; and (3) economic injury proximately resulted from that reliance. *Arch Ins. Co. v. Clements, Purvis & Stewart, P.C.*, 850 F. Supp. 2d 1371, 1373 (S.D. Ga. 2011) (citations omitted).

32. Plaintiff avers the Defendant has engaged in the negligent misrepresentation of the truth with regards to the instant matter, intentionally, for their benefit with regards to debt in the instant matter.

33. Defendant in this matter misrepresented the nature and validity of the transactions entered into between both parties - thereby causing the misappropriation of assets and resources in the instant matter and giving rise to the instant complaint.

34. Plaintiff is seeking any and all necessary and applicable compensatory and / or punitive damages in addition to any declaratory and / or injunctive relief that may be deemed fair and equitable in the instant matter.

### COUNT FIVE
### INVASION OF PRIVACY

35. Paragraphs 1-34 are hereby referenced and incorporated herein as if though full stated herein at full length.

36. Under Georgia case law, the concept of invasion of privacy encompasses four loosely related but distinct torts, as follows: (1) intrusion upon the plaintiff's seclusion or solitude, or into his private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity which places the plaintiff in a false light in the public eye; and (4) appropriation for the defendant's advantage of the plaintiffs' name and likeness.

37. Here, the Defendant went as far as to share personal information with other entities without the informed consent of the Plaintiff, infringing on the privacy rights of the Plaintiff.

38. Plaintiff is seeking any and all necessary and applicable compensatory and / or punitive damages in addition to any declaratory and / or injunctive relief that may be deemed fair and equitable in the instant matter.

### COUNT SIX
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. Paragraphs 1-38 are hereby referenced and incorporated herein as if though full stated herein at full length.

40. The four elements which must be proved in order to sustain a claim of intentional infliction of emotional distress are: (1) The conduct must be intentional or reckless; (2) The conduct must be extreme and outrageous; (3) There must be a causal connection between the wrongful conduct

and the emotional distress; and (4) The emotional distress must be severe. . . . [I]t has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice, or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Northside Hosp. v. Ruotanen.[10].

41. Here, the Defendant is engaging in a continuous and systematic series of acts that are tortious and in intentional and egregious disregard for the rights and interests of individuals similarly situated to the Plaintiff thereby giving rise to the instant claim for intentional infliction of emotional distress to be fully determined in a trial by jury.

42. Plaintiff is seeking any and all necessary and applicable compensatory and / or punitive damages in addition to any declaratory and / or injunctive relief that may be deemed fair and equitable in the instant matter.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, the Plaintiff respectfully prays that this Court enter judgment in their favor against the Defendant and award them relief due to paragraphs 1 - 42 but not limited to the following:

    a. Granting Plaintiff, a declaration that the acts and omissions described herein violate his rights under the United States Constitution and laws of the United States;

    b. Granting Plaintiff actual damages, delay damages, attorney's fees, costs, interest, compensatory (including but not limited to aggravated damages), special damages including all expenses and financial losses incurred as a result of Defendant's

actions in an amount to be determined at trial.

c. Compensation for emotional pain and suffering in the amount of $5,000,000.00;

d. Plaintiff seeks punitive damages in the amount of $10,000,000.00 from Defendant;

e. Declaratory relief declaring the acts and practices of Defendant and contracts

entered as to be set by this Honorable Court;

f. Plaintiff seeks jury trial on all issues triable by jury;

g. Reasonable attorney's fees plus costs of this suit;

h. Any additional relief this court deems just, proper, and equitable on injuries

Sustained.

July 12, 2021                                          Respectfully Submitted,

# EXHIBIT A

DEPT 922
PO BOX 4115
CONCORD CA 94524

**Portfolio Recovery Associates, LLC**

**Account Number:** 5178057856735332
**Reference Number:** 15163690

D3

CHANGE SERVICE REQUESTED

JERMAINE LITTLE
2825 COLD SPRINGS TRL SW
MARIETTA GA 30064-4457

06/16/2021

Dear JERMAINE LITTLE,

In response to your dispute related to the above account, Portfolio Recovery Associates, LLC ("PRA, LLC") has enclosed additional documentation for your review. We have completed our investigation of your dispute concerning this account. PRA, LLC has obtained and reviewed the attached documents related to this account, which establish its validity.

Sincerely,
Disputes Department
Telephone: 1-800-772-1413

### Account Details
**Account Number:** 5178057856735332
**Seller:** CAPITAL ONE BANK (USA) N.A.
**Original Creditor:** CAPITAL ONE BANK (USA) N.A.
**Current Creditor:** PORTFOLIO RECOVERY ASSOCIATES, LLC
**Balance:** $1,575.49

### Contact Us


**Online:**
www.portfoliorecovery.com


**By Phone:**
Call 1-800-772-1413


**By Mail:**
PORTFOLIO RECOVERY ASSOCIATES, LLC
120 Corporate Boulevard
Norfolk VA 23502

**This communication is from a debt collector but is not an attempt to collect a debt.**

**Notice:** See Reverse Side for Important Information

DEPT 922
PO BOX 4115
CONCORD CA 94524

# Portfolio Recovery Associates, LLC

**Account Number:** 5178058320205670
**Reference Number:** 15163040

D3

CHANGE SERVICE REQUESTED

JERMAINE LITTLE
2825 COLD SPRINGS TRL SW
MARIETTA GA 30064-4457

---

06/16/2021

Dear JERMAINE LITTLE,

In response to your dispute related to the above account, Portfolio Recovery Associates, LLC ("PRA, LLC") has enclosed additional documentation for your review. We have completed our investigation of your dispute concerning this account. PRA, LLC has obtained and reviewed the attached documents related to this account, which establish its validity.

Sincerely,
Disputes Department
Telephone: 1-800-772-1413

### Account Details

**Account Number:** 5178058320205670
**Seller:** CAPITAL ONE BANK (USA) N.A.
**Original Creditor:** CAPITAL ONE BANK (USA) N.A.
**Current Creditor:** PORTFOLIO RECOVERY ASSOCIATES, LLC
**Balance:** $1,376.10

### Contact Us


**Online:**
www.portfoliorecovery.com


**By Phone:**
Call 1-800-772-1413


**By Mail:**
PORTFOLIO RECOVERY ASSOCIATES, LLC
120 Corporate Boulevard
Norfolk VA 23502

---

**This communication is from a debt collector but is not an attempt to collect a debt.**

**Notice:** See Reverse Side for Important Information

# Portfolio Recovery Associates, LLC

120 CORPORATE BLVD, NORFOLK, VA 23502

**TELEPHONE**: 1-800-772-1413

**Hours of Operation:** Mon. to Fri. 8am - 11pm,

Sat. 8am - 8pm, Sun. 11am - 8pm (EST)

Monday, June 28, 2021

JERMAINE   LITTLE
2825 COLD SPRINGS TRL SW
MARIETTA, GA 30064

Dear JERMAINE   LITTLE:

Thank you for your request that we refrain from selling your personal information to third parties. To opt out of the sale of your personal information, please visit www.portfoliorecovery.com and select "Do Not Sell My Personal Information". For information about our privacy practices, please visit our privacy policy available on our website at www.portfoliorecovery.com.

Should you require further assistance, please contact us.

Sincerely,
PORTFOLIO RECOVERY ASSOCIATES, LLC
**Telephone:**1-886-428-6589
**Business Hours:** Mon. to Fri. 8am - 5pm (EST)

**This communication is from a debt collector but is not an attempt to collect a debt.**
NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

# Portfolio Recovery Associates, LLC

Customer ID: 76553365

06/11/2021

Dear JERMAINE LITTLE,

Thank you for your request regarding your personal information. Portfolio Recovery Associates, LLC respects your concerns about privacy. We regret that your request has been denied for the following reason(s):

Under applicable law, your request is subject to specific exceptions, which apply in this case. You have requested access to and/or deletion of personal information that is governed by the federal Gramm-Leach-Bliley Act. For more information about how we use and share such information, please visit our website at www.portfoliorecovery.com to view our U.S. Consumer Privacy Notice and privacy policy.

Should you require further assistance, please contact us.

Sincerely,

PORTFOLIO RECOVERY ASSOCIATES, LLC

**Telephone:** 1-866-428-6589
**Business Hours:** Mon. to Fri. 8am - 5pm (ET)

**This communication is from a debt collector but is not an attempt to collect a debt.**

**Notice:** See additional page(s) for Important Information

CCPA1

DEPT 922
PO BOX 4115
CONCORD CA 94524

CHANGE SERVICE REQUESTED

JERMAINE LITTLE
2825 COLD SPRINGS TRL SW
MARIETTA GA 30064-4457

Mail to:

PORTFOLIO RECOVERY ASSOCIATES, LLC
140 Corporate Boulevard
Norfolk, VA 23502

 

## Re: UPDATED! PORTFOLIO RECOVERY ASSOCIATES - ACCOUNT(S) INFO REQUESTED - 6/30 [#338797]

**PRACustomerCare** <pracustomercare@portfoliorecovery.com>        Thu, Jul 1, 2021 at 4:39 PM
Reply-To: pracustomercare@portfoliorecovery.com
To: jlitt71@gmail.com

Thank you for contacting Portfolio Recovery Associates, LLC ("PRA") Digital Operations.

I have located your PRA accounts ending in 5332 and 5670.

With regards to your credit reporting question, if your account is reporting, within approximately 30 days of your final payment successfully posting, we will request the credit reporting agencies delete the PRA tradeline related to your account from your credit bureau report.

However, we sincerely appreciate you bringing this matter to our attention. Our company strives to provide professional and courteous service to all of our customers. The information provided will be noted in our system. Your concerns will be communicated to the appropriate department.

With regards to your request, and to accommodate your concerns, courtesy notification letter for account ending in 5332 has been requested and sent to the email address on file.

your account ending in 5670 is currently not eligible to view or pay online and is currently being handled by PRA's Disputes Department.

For any further questions or assistance, please contact PRA's Disputes department at: 1-866-428-6589.

Thank you,

Calvin-Agent ID: DIG6"
Digital Operations Agent
Portfolio Recovery Associates, LLC (""PRA"")
Company Address:
120 Corporate Blvd.
Norfolk, VA 23502
1-800-772-1413

Mon. to Fri 8 am-11 pm, Sat 8 am-8 pm, Sun 11 am- 10 pm (ET)
pracustomercare@portfoliorecovery.com

Click here to opt out of further emails to this email address

**NOTICE:** We are required under state law to notify consumers of the following rights. This list does not include a complete list of rights consumers have under state and federal laws.

**NEW YORK CITY:** City of New York License Numbers- 1096994, 1394695, 1394697, 134696, 1394698, 2045465, 2052875, 2063671, 2076336, 2094929, 2096474

A translation and description of commonly-used debt collection terms is available in multiple languages on the NYC Department of Consumer Affairs' website, www.nyc.gov/dca.