**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

JERMAINE LITTLE,

     Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

     Defendant.

_____ /

CIVIL ACTION NO.
1:21-cv-02772-WMR-RDC

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS AMENDED COMPLAINT**

Defendant, Portfolio Recovery Associates, LLC, by and through its undersigned attorneys and in accordance with LR 7, NDGa., hereby files this, its Memorandum of Law in Support of Motion to Dismiss Amended Complaint, and states as follows:

**I.    PROCEDURAL BACKGROUND**

Plaintiff filed his original Complaint on July 12, 2021. The original Complaint alleged federal claims arising under the Fair Debt Collection Practices Act and the Truth in Lending Act, as well as state law claims for fraudulent misrepresentation, negligent misrepresentation, invasion of privacy, and intentional infliction of emotional distress.

On August 23, 2021, Defendant moved to dismiss the original Complaint on numerous grounds. Plaintiff thereafter filed his Amended Complaint (DE 9) on September 1, 2021.

The Amended Complaint alleges completely new claims for negligence (Count I), "deception" (Count II), "retaliation" (Count III), and punitive damages (Count IV).

Plaintiff does not contend that the underlying debt PRA was attempting to collect is invalid or erroneous. Rather, the gravamen of the Amended Complaint appears to be that Defendant committed state law torts by not providing a privacy notice allegedly required by the Gramm Leach Bliley Act ("GLBA") and its implementing regulations. Defendant denies these allegations. But what is important for purposes of the instant motion is that, even if Plaintiff's allegations were true, they do not give rise to plausible claims for relief as alleged in the Amended Complaint.

## II.   STANDARD OF REVIEW

In evaluating a Rule 12(b)(6) motion to dismiss, a court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007). "A claim is plausible on its face when it permits the court to draw a reasonable inference that the

defendant is liable for the alleged misconduct." <u>Kinsey v. MLH Financial Services, Inc.</u>, 509 Fed.Appx. 852, 853 (11th Cir. 2013).

The "plausibility" standard requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Ashcroft</u>, 556 U.S. at 678. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u> "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Id.</u> "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Ashcroft</u>, 556 U.S. at 678-79.

As a general rule, a court must accept the plaintiff's allegations as true and evaluate all plausible inferences in favor of the plaintiff in resolving a motion under Rule 12(b)(6). "However, this rule does not apply to legal conclusions; courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" <u>Rivas v. Pollack and Rosen, P.A.</u>, 2019 WL 6468709, at *3 (S.D. Fla. Dec. 2, 2019) (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 570)).

Courts must generally construe *pro se* complaints more leniently, but "even in the case of pro se litigants this leniency does not give a court license to serve as de factor counsel for a party…or to rewrite an otherwise deficient pleading in order

to sustain an action." <u>Clark v. Ocwen Loan Servicing</u>, No. 1:14-cv-04021-TCB-AJB, 2015 U.S. Dist. LEXIS 191676, at *19 (N.D. Ga. July 30, 2015); <u>Hennington v. Bank of Am.</u>, No. 1:10-CV-1350-WSD-JFK, 2010 U.S. Dist. LEXIS 141497, at *10-11 (N.D. Ga. Dec. 21, 2010) ("[N]othing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. 'Even though a pro se complaint should be construed liberally, a pro se complaint still must state a claim upon which the Court can grant relief.'"); <u>see also</u> DE 6 ("Parties proceeding pro se (without an attorney) are ADVISED that they must comply with the Federal Rules of Civil Procedure, as well as the Local Rules of this Court.").

## III.   THE AMENDED COMPLAINT MUST BE DISMISSED BECAUSE IT IS AN IMPROPER SHOTGUN PLEADING

For several independent reasons, the Amended Complaint fails to state a plausible claim for relief. The first reason is because the Amended Complaint (just like the original Complaint) constitutes an improper "shotgun" pleading.

A "shotgun pleading" is one that fails "to give the defendant adequate notice of the claims against them and the ground upon which each claim rests." <u>Weiland v. Palm Beach County Sheriff's Office</u>, 792 F.3d 1313, 1323 (11th Cir. 2015).

The Eleventh Circuit has identified "four rough types or categories of shotgun pleadings." <u>Id.</u> at 1322-23. They are: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each

successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) "a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief;" and (4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id.

The Amended Complaint in this case is the first type. It contains multiple Counts, and each Count adopts the allegations of all preceding Counts, causing each successive Count to carry all that came before and the last Count to be a combination of the entire Complaint. (See Amend. Compl. ¶¶ 29; 36; 41.)

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings" because "[t]hey waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018). Shotgun pleadings such as Plaintiff's "patently violate" the federal pleading standards. Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1356 (11th Cir. 2018).

While Plaintiff is *pro se*, the impropriety of shotgun pleadings was raised and explained in detail in Defendant's motion to dismiss the original Complaint. (DE 8-1 at 3-5.) As such, Plaintiff knew or should have known that shotgun pleadings were improper at the time he filed the shotgun Amended Complaint.

Accordingly, Plaintiff's entire shotgun Amended Complaint must be dismissed. E.g., Noon v. Carnival Corp., 2019 U.S. Dist. LEXIS 17519 (S.D. Fla. Feb. 1, 2019) (dismissing shotgun complaint); Hendrix-Smith v. Travelers Ins. Co., Case No. 1:20-cv-00455-SDG, Order, Docket No. 49 (N.D. Ga. June 11, 2020) (dismissing *pro se* "shotgun" complaint).

## IV.    COUNT II MUST ALSO BE DISMISSED IT DOES NOT STATE ANY PLAUSIBLE CLAIM FOR RELIEF

Count II alleges a claim for "deception." That does not appear to be a recognized cause of action under Georgia law. To the extent Plaintiff is attempting to assert a claim for fraud based on an intentional misrepresentation of fact, Georgia law requires several elements that are either not alleged in the Amended Complaint or not alleged with particularity as required by Rule 9. See Fed. R. Civ. P. 9(b) (providing that claims involving fraud "must state with particularity the circumstances constituting fraud...").[1]

---

[1] While *pro se* litigants are afforded some leniency, the particularity requirement of Rule 9 still applies. See Keane v. Keane, No. 08-cv-10375, 2009 U.S. Dist. LEXIS 44630, 2009 WL 490686, *5 (S.D.N.Y. May 27, 2009).

Under Georgia law, "[o]ne asserting fraud must show five elements: (1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages." Collins v. Regions Bank, 282 Ga. App. 725, 727, 639 S.E.2d 626, 628 (2006) (citing O.C.G.A. § 51-6-2 ("Willful misrepresentation of a material fact, made to induce another to act, upon which such person acts to his injury, will give him a right of action")).[2]

Count II of the Amended Complaint alleges that Defendant "falsely certified to [the CFBP] and other nongovernmental authorities that [Defendant was] operating in compliance with the GLBA privacy provisions." (Amend. Compl. ¶ 30.) As such, it appears that Plaintiff's claim is based on alleged misrepresentations to the CFBP and "other nongovernmental authorities," and not to Plaintiff himself.

Even if representations made to third parties can support a claim for intentional misrepresentation, Plaintiff has not alleged or explained how he justifiably relied upon the alleged misrepresentations to his injury as required to sustain a claim under Georgia law. O.C.G.A. § 56-6-2(a). For example, Plaintiff does not allege that he paid the underlying debt or took any other affirmative action (or inaction) in reliance on Defendant's alleged misrepresentations to the CFPB.

---

[2] The title of O.C.G.A. § 51-6-2 is: "When misrepresentation of material fact actionable as deceit…"

Plaintiff also fails to explain with particularity how reliance on Defendant's alleged misrepresentations to the CFPB could have possibly caused him damages. For example, even if Plaintiff paid the debt in reliance on Defendant's representations, that would not constitute detrimental reliance because Defendant's alleged failure to comply with the GLBA would not alleviate Plaintiff's legal obligation to pay the underlying debt.

But even if Plaintiff took action in reliance on Defendant's alleged misrepresentation to the CFPB and such reliance proximately caused Plaintiff injuries, Plaintiff would still be barred from recovery because such reliance would not have been justifiable.

Plaintiff cannot plausibly assert that he justifiably relied on the Defendant's alleged misrepresentations because, according to his own Amended Complaint, he knew such representations were false at the time they were made. See Young v. Wells Fargo Bank, N.A., No. 1:11-cv-1571-TCB-AJB, 2011 U.S. Dist. LEXIS 158885, at *28 (N.D. Ga. Oct. 24, 2011) (citing Howard v. DeKalb Cnty. Jail Staff, 205 Ga. App. 116, 117 421 S.E.2d 309, 311 (1992)) (indicating that the party to whom the false statements were allegedly made must not know that they were false). Indeed, Plaintiff alleges that he "repeatedly" requested "in vain" that Defendant comply with the GLBA as early as August 13, 2020, and according to the Amended

Complaint, Defendant did not falsely certify its compliance with the requirements of the GLBA until December 2020. (<u>Compare</u> Amend. Compl. ¶ 20 <u>with</u> ¶ 30.)

It must also be noted that Plaintiff was the one who continuously reported Defendant's alleged GLBA violations to the CFPB. (<u>See</u> Amend. Compl. ¶ 30; Exhibit D.) In response to those complaints, Defendant indicated that it "found no records supporting [Plaintiff's] allegations of misconduct, including, without limitation, that [Defendant] failed to comply with the applicable provisions of the [GLBA] and its implementing regulations." (Amend. Compl. Exhibit D.) Plaintiff cannot seriously contend that he justifiably relied on Defendant's response to his own CFPB complaint to the extent he continued to lodge new complaints with the CPFB "and other nongovernmental authorities." (<u>See</u> Amend. Compl. ¶ 30, indicating that numerous complaints were lodged.)

Finally, Count II also fails to state a claim for relief because it is contradicted by Exhibit D to the Amended Complaint. <u>See</u> <u>Griffin Indus., Inc. v. Irvin</u>, 496 F.3d 1189, 1206 (11th Cir. 2007) ("[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.").

Contrary to Plaintiff's allegations, Defendant did not "certify" to the CFPB that it was "operating in compliance with the GLBA privacy provisions." (Amend. Compl. ¶ 30.) Defendant merely stated it conducted an investigation of Plaintiff's complaint "and found no records supporting [Plaintiff's] allegations of misconduct,

9

including, without limitation, that [Defendant] failed to comply with the applicable provisions of the [GLBA] or its implementing regulations." (Amend. Compl. Exhibit D.) There is a material difference between "certifying" compliance with federal law and indicating that no evidence of noncompliance can be found. That is especially true given fraud allegations must be pled with particularity.

For any or all of the aforementioned reasons, Count II must be dismissed.

## V.   COUNT III MUST ALSO BE DISMISSED IT DOES NOT STATE ANY PLAUSIBLE CLAIM FOR RELIEF

Count III alleges a claim for "retaliation." However, the Amended Complaint does not state any plausible claim for retaliation.

Retaliation does not appear to be a recognized common law cause of action under Georgia law, and Plaintiff does not identify any state or federal statute that would give rise to a claim for retaliation under the circumstances alleged in the Amended Complaint. Notably, every retaliation statute of which the undersigned is aware prohibits retaliation against an employee. Plaintiff is not an employee of Defendant, nor does he allege to be. It therefore appears that there are no set of facts on which Plaintiff could ever state plausible retaliation claim against Defendant.

The allegations supporting Plaintiff's "retaliation" claim are also too vague and ambiguous to state a plausible claim for relief. Among other things, Plaintiff alleges that Defendant retaliated by "intentionally blocking and/or disguising Plaintiff's online and offline access to accounts reporting to credit bureaus within

Defendant's institution." (Amend. Compl. ¶ 37(b).) This statement is so vague, ambiguous, and confusing that the undersigned sincerely does not know what to make of it. And this is more than semantics. It is critically important for Defendant to understand what Plaintiff is alleging because, to the extent Plaintiff is attempting to allege state law claims based on Defendant's credit reporting, such claims may be preempted by the Fair Credit Reporting Act. See 15 U.S.C. § 1681h(e); 15 U.S.C. § 1681t(b)(1)(F); Ponder v. Experian Info. Sols., Inc., No. 1:19-CV-5494-CAP-JSA, 2021 U.S. Dist. LEXIS 126850, at *69 (N.D. Ga. May 18, 2021); Thorton v. Equifax Info. Servs., LLC, 2018 U.S. Dist. LEXIS 189052 (M.D. Ga. Nov. 5, 2018); Grumet v. Prof'l Account Mgmt., 2013 U.S. Dist. LEXIS 207499 (N.D. Ga. Dec. 18, 2013).

For any or all of the aforementioned reasons, Count III must be dismissed.

## VI.   COUNT IV MUST ALSO BE DISMISSED IT DOES NOT STATE A PLAUSIBLE CLAIM FOR RELIEF

Count IV alleges a claim for "punitive damages." It is well settled that a claim punitive damages does not constitute an independent cause of action, and Count IV must be dismissed for this reason alone. Edelen v. Campbell Soup Co., Civil Action No. 1:08-CV-0299-JOF-LTW, 2008 U.S. Dist. LEXIS 128547, at *52 (N.D. Ga. Sep. 25, 2008) ("Plaintiff may not maintain stand-alone causes of action for punitive damages or attorneys' fees, as both are remedies rather than independent causes of action…. Plaintiff's claims for punitive damages and attorneys' fees, pled as independent causes of action against all Defendants, are therefore due to be

dismissed.") (collecting cases); <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1087, 1093 nn.10, 34 (11th Cir. 2001) ("[A] prayer for punitive damages is not an independent cause of action.").

WHEREFORE, Defendant respectfully requests that the Court enter an order granting Defendant's Motion to Dismiss Amended Complaint, dismissing the Amended Complaint, awarding Defendant its reasonable attorney fees and costs, and granting Defendant such other and further relief as the Court deems just and proper.

## **LOCAL RULE 7.1(D) CERTIFICATION**

I HEREBY CERTIFY that this document has been prepared with one of the font point selections approved by the Court in LR 5.1, specifically, Times New Roman 14-point font.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 18, 2021, this document was electronically filed with this Court using CM/ECF System and served on the following via U.S. Mail:

Jermaine Little
2825 Cold Springs Trail SW
Marietta, GA 30064

*__s/ John Gaset, Esq.__*
Robert E. Sickles, Esq.
Georgia Bar No. 840892
John Gaset, Esq.
Georgia Bar No. 883793
**DINSMORE & SHOHL LLP**
201 North Franklin Street, Suite 3050
Tampa, FL 33602
Phone: (813) 543-9848
Primary: robert.sickles@dinsmore.com
Secondary: kim.novak@dinsmore.com
Secondary: eileen.garvey@dinsmore.com
Primary: john.gaset@dinsmore.com
Secondary: jessica.lovins@dinsmore.com
*Counsel for Defendant*