IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JERMAINE LITTLE,<br><br>    Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:21-cv-02772-WMR-RDC |

## **FINAL REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff Jermaine Little's Motion to Voluntarily Dismiss Without Prejudice (Doc. 19). Plaintiff, proceeding *pro se*, filed a complaint asserting claims under the Gramm Leach Bliley Act against Defendant Little Portfolio Associates. (*See* Doc. 1). He amended that complaint on September 1, 2021. (Doc. 9). On October 17, 2021, Defendant filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b), which is pending before the Court. (Doc. 16). After Plaintiff filed a response and Defendant filed a reply brief, the motion became ripe on November 12, 2021. (*See* Docs. 17, 18).

On December 21, 2021, Plaintiff filed the instant Motion to Dismiss. (Doc. 19). In its response, Defendant represents that it has no objection to Plaintiff's motion. (Doc. 20).

Federal Rule of Civil Procedure 41(a) governs voluntary dismissals. Fed. R. Civ. P. 41(a). Rule 41(a) provides that a plaintiff may dismiss an action at will by filing either (1) a notice of dismissal before the defendant files an answer or motion for summary judgment or (2) a stipulation of dismissal signed by all parties. *Id.* 41(a)(1)(A). Otherwise, a plaintiff must seek the permission of the court, which may dismiss the action "on terms that the court considers proper." *See* Fed. R. Civ. P. 41(a)(2). Generally, the court should grant a voluntary dismissal unless the defendant is at risk of suffering clear legal prejudice, other than the possibility of a future lawsuit. *McBride v. JLG Indus., Inc.*, 189 F. App'x 877–78 (11th Cir. 2006) (quoting *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255–56 (11th Cir. 2001)).

Because Defendant filed an answer in this case, Plaintiff may only voluntarily dismiss this action by an order from the Court. Fed. R. Civ. P. 41(a)(2). Based on the fact that Defendant does not oppose Plaintiff's motion, the undersigned finds that Defendant will not suffer any legal prejudice from dismissal without prejudice. *See McBride*, 189 F. App'x at 877–78. Therefore, the undersigned **RECOMMENDS** that the Court **GRANT** Plaintiff's Motion to Voluntarily Dismiss

(Doc. 16), **DISMISS** the Amended Complaint without prejudice, and **DENY** Defendant's Motion to Dismiss (Doc. 16) as moot.

IT IS SO **RECOMMENDED** on this 30th day of December 2021.

_____
REGINA D. CANNON
United States Magistrate Judge